# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued February 5, 2016        Decided April 5, 2016

No. 15-5113

ROBERT GORDON,
APPELLANT

v.

LORETTA E. LYNCH, IN HER OFFICIAL CAPACITY AS ATTORNEY
GENERAL OF THE UNITED STATES, ET AL.,
APPELLEES

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:10-cv-01092)

———

*Aaron M. Streett* argued the cause for appellant. With him on the briefs was *Craig A. Schwartz*. *Vernon A. Cassin III* and *Richard P. Sobiecki* entered appearances.

*William E. Havemann*, Attorney, U.S. Department of Justice, argued the cause for appellees. With him on the brief were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Vincent H. Cohen Jr.*, Acting U.S. Attorney, and *Mark B. Stern*, *Alisa B. Klein*, and *Daniel Tenny*, Attorneys.

Before: GARLAND,[*] *Chief Judge*, BROWN, *Circuit Judge*, and WILLIAMS, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* WILLIAMS.

WILLIAMS, *Senior Circuit Judge*: This case poses the question whether events have rendered moot a lawsuit challenging enforcement of the federal Prevent All Cigarette Trafficking Act ("PACT Act"), Pub. L. 111-154 (Mar. 31, 2010). The district court so found in *Gordon v. Holder*, 85 F. Supp. 3d 78 (D.D.C. 2015), and we agree.

* * *

Consumers ordering goods to be delivered across state lines are formally liable for sales taxes in the state of receipt, but it's difficult for those states to collect the taxes from individual buyers. The PACT Act addresses this issue in the context of cigarette sales (where the revenue at issue is high in relation to the commodity's pre-tax market value). It prohibits the remote sale of cigarettes unless sales taxes have been paid in advance. 15 U.S.C. § 376a(a)(3)-(4), (d). It allows the federal government to seek civil and criminal penalties directly from the sellers for the nonpayment of state cigarette taxes, and it allows state and local governments to sue the sellers in federal court for nonpayment of those taxes. *Id.* § 378(c)(1)(A).

Robert Gordon, an enrolled member of the Seneca Indian tribe of New York State, for some time operated a tobacco business in the Allegany Indian Territories and sold tobacco

---

[*] Chief Judge Garland was a member of the panel at the time the case was argued but did not participate in this opinion.

products from there across state lines. In 2010 he sought a preliminary injunction barring enforcement of several sections of the PACT Act. Though initially denying Gordon's motion, the district court on remand from this court in *Gordon v. Holder*, 632 F.3d 722 (D.C. Cir. 2011), found it likely that the provisions subjecting remote sellers to tax enforcement out-of-state (albeit in federal court) violated the due process clause of the Fifth Amendment. *Gordon v. Holder*, 826 F. Supp. 2d 279, 288-93 (D.D.C. 2011). The court preliminarily enjoined enforcement of those provisions. *Id.* at 297. We affirmed, 721 F.3d 638 (D.C. Cir. 2013), explicitly addressing the mootness issue as it then stood. Although finding that Gordon's closure of his business in the course of the litigation had not mooted the appeal, we observed that facts might later develop that had that effect. *Id*. at 643 & n.3.

Gordon renewed his pursuit of relief after our remand, seeking declaratory relief and a permanent injunction, but two new circumstances led the district court to conclude that the case was moot and therefore to vacate the preliminary injunction. *Gordon*, 85 F. Supp. 3d at 80-81, 85. First, in the course of that effort Gordon stipulated that because of "health problems and his deteriorating financial situation" he had no intent to re-enter that business. J.A. 190. Second, the head of the Alcohol and Tobacco Enforcement Branch of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("BATFE") submitted a declaration stating that "[b]ased on all evidence currently known to [the Bureau, it] has no intention to seek or recommend enforcement action against Gordon under the PACT Act . . . or any other federal statute or enforcement mechanism." J.A. 200.

\* \* \*

A case is moot if "it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Decker v.*

*Northwest Environmental Defense Ctr.*, 133 S. Ct. 1326, 1335 (2013) (citations and internal quotation marks omitted). Gordon asserts that we may still grant him effective relief in two respects. First, he argues that a permanent injunction would eliminate a continuing risk that the federal government will pursue both criminal and civil penalties for his past violations of the PACT Act. Second, he argues that a permanent injunction would shield him from collateral consequences in the form of civil actions by states in which he sold untaxed cigarettes.

*Federal civil and criminal liability.* In his brief and at oral argument, Gordon argued that the declaration filed by the head of BATFE fell materially short of the government commitment on which we had relied in *Clarke v. U.S.*, 915 F.2d 699, 701-03 (D.C. Cir. 1990) (en banc), as a basis for concluding that the threat of federal government action had effectively evaporated. There the government had said at oral argument that "no one has ever suggested that there would be a [prosecution]," and conceded "formally for the record that the existence of a judgment during [the past period of an expired statute] would be a complete and adequate defense to any prosecution." *Id.* at 701 (internal quotation marks omitted). In holding that plaintiffs' claim was moot, we relied on the government's explicit recognition that the existence of a declaratory judgment that the statute was unconstitutional at all relevant times would provide a complete defense. See *id.* at 702. We concluded that such a representation at oral argument would likely estop the government from taking a contrary position in the future. We cited *Farmland Industries, Inc. v. Grain Bd. of Iraq*, 904 F.2d 732, 739 (D.C. Cir. 1990), where we relied on the proposition that the defendant's representation before us would estop it "from asserting otherwise in another proceeding."

Here, whatever the effect of the earlier representation by the head of BATFE, government counsel adopted at oral argument positions matching those in *Clarke*. Counsel characterized any federal prosecution or enforcement action as "inconceivable," noting that the PACT Act provisions were "subject to a PI [preliminary injunction] at all relevant times" and that "their constitutionality has never been upheld in a court of appeals and has been called into question twice." Oral Arg. Recording at 24:10-23. Counsel added an undertaking that as long as Gordon does not re-enter the affected market, "the United States government will not seek to hold him either civilly or criminally liable under the tax provisions of the PACT Act for his past conduct." Oral Arg. Recording at 23:30-42. As in *Clarke*, "we cannot say that the risk of an attempted prosecution is zero," 915 F.2d at 702, but (as there) we see in the government's representation no "deliberate equivocation," *id.* at 703. The risk of federal prosecution or civil penalties is no greater than in *Clarke* and therefore cannot save this case from mootness.

*Collateral consequences.* Under 15 U.S.C. § 377(b), state and local governments may seek civil penalties for past violations of the PACT Act, including damages for unpaid taxes. Gordon's risk of exposure to collateral consequences from vacatur of the preliminary injunction and the absence of any replacement depends on whether we're speaking of potential enforcement in the District of Columbia or elsewhere. As to enforcement in the District, the parties agree that Gordon has not sold cigarettes for delivery in the District since the PACT Act took effect, J.A. 197, so there appears to be no genuine risk of enforcement in the one jurisdiction where a permanent injunction issued by the district court (and either affirmed or at least not reversed or altered by the court of appeals) would have binding precedential effect.

In an enforcement action outside the District, an injunction from the United States district court, even if affirmed by this court, would have only persuasive effect. Moreover, given that the affirmed but now vacated preliminary injunction, as well as the underlying opinions, would likely have *some* persuasive effect, Gordon's only potential gain from continued litigation is the incremental persuasive effect of that injunction's being made permanent (together with the opinions justifying the injunction). We have held that an agency order's potential persuasive effect in state court was inadequate to preserve an otherwise moot case. *American Family Life Assur. Co. of Columbus v. FCC*, 129 F.3d 625, 629 (D.C. Cir. 1997). Although *American Family Life* involves a party trying to keep a case alive in order to *extinguish* a precedent and plaintiff here tries to keep the case alive in order to *establish* one (indeed, one without precedential effect), we think such a "precedent" is insufficient either way.

There are cases where a legal status has an automatic effect in other jurisdictions (or even in the same one) in the event of some contingency, and that risk is found to preserve a challenge to the imposition of that status from mootness. The clearest example of this is a criminal conviction, which exposes the defendant to a range of direct consequences, most obviously the effect of recidivism statutes, thus preventing mootness of challenges to the conviction even after release from prison and post-confinement supervision. At least since *Sibron v. New York*, 392 U.S. 40, 55 (1968), the "mere possibility" of collateral consequences has been enough to preserve a challenge to a criminal conviction from mootness, *id.* (citations and internal quotation marks omitted). See also *Spencer v. Kemna*, 523 U.S. 1, 8-14 (1998) (declining to extend the doctrine to a simple parole revocation). In *Justin v. Jacobs*, 449 F.2d 1017, 1019 (D.C. Cir. 1971), we extended that principle to a habeas corpus petitioner whose

confinement under a civil commitment as a sexual offender had ended but who might be disqualified from jury service, voting, holding a driver's license and owning a gun as a result of another jurisdiction's reliance on the commitment. In *Justin* we appear to have assumed that the later adjudicating jurisdictions would automatically or almost automatically infer current mental illness from the prior commitment, an inference that has no apparent parallel here. How far *Justin* might be extended beyond its circumstances we need not say, for the mere existence of the PACT Act, even though not blunted by a court injunction, seems a far cry from the sort of individualized branding at work in *Justin*.

Since Gordon faces only a remote risk of federal prosecution or civil penalties, and any further merits decision would not shield him from the effects of possible state or local lawsuits, the case is moot. We affirm the district court's vacatur of the preliminary injunction for lack of jurisdiction, and we therefore do not reach the district court's further conclusion that the case is prudentially moot.

*So ordered.*